UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

SHELDON J. ENGLISH,

                Defendant.
_____

REPORT & RECOMMENDATION

05-CR-6142T

**PRELIMINARY STATEMENT**

        By Order of Hon. Michael A. Telesca, United States District Judge, dated October 20, 2005, all pre-trial matters in the above captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 3).

        Defendant Sheldon English ("English") is charged in a single-count Indictment. Specifically, the Indictment charges that on April 22, 2005, English possessed a firearm and ammunition after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Docket # 1).

        Currently pending before this Court for Report and Recommendation is English's motion to suppress statements.  (Docket # 12).[1]  For the following reasons, it is the recommendation of this Court that English's motion be denied.

---

[1] English's omnibus motions also sought, *inter alia*, discovery and inspection, *Brady* material, *Jencks* material, rulings on evidentiary matters under rule 404 of the Federal Rules of Evidence and the preservation of rough notes.  Each of these requests was either resolved by the parties or decided in open court by the undersigned on January 4, 2006.  (Docket ## 17, 18).

## **FACTUAL BACKGROUND**

A suppression hearing was conducted in this matter on January 25, 2006, relating to English's motion to suppress statements.[2] During the hearing, the government presented the testimony of Investigator Louis Alletto of the Rochester Police Department.[3] (Docket # 21). Based upon that testimony, this Court finds the following.

On April 22, 2005, at approximately 3:00 p.m., Alletto and Rochester Police Investigator Ferguson conducted an interview of English at the Monroe County Public Safety Building. (Tr. 4). He had been brought to the Public Safety Building following his arrest relating to an alleged shooting. (Tr. 3, 23-24). When the investigators entered the interview room, they introduced themselves to English and explained why he had been taken into custody. (Tr. 4, 23). Alletto also obtained English's biographical information and recorded it on the back of a *Miranda* notification card. (Tr. 6; G.Ex. 1).

During this brief initial conversation, Alletto observed English and formed the opinion that he was not intoxicated by alcohol or any narcotic substance. English did not slur his speech, nor did Alletto smell alcohol or marijuana on his breath or person. (Tr. 5). Moreover, English appeared to understand Alletto and was responsive to his questions. (Tr. 5). At no time did English request the assistance of an attorney. (Tr. 14).

---

[2] The transcript of the suppression hearing conducted before this Court on January 25, 2006, shall hereinafter be referenced as "Tr. __." (Docket # 21).

[3] Alletto testified that on October 19, 2005, he retired from the Rochester Police Department after twenty-six years of service. (Tr. 3).

After recording English's biographical information, Alletto advised English of his *Miranda* warnings by reading the warnings from a *Miranda* notification card. (Tr. 6-7). Specifically, Alletto testified that he advised English:

> You have the right to remain silent, you don't have to say anything if you don't want to, that anything you say can be used against you in a court of law, you have the right to talk to a lawyer before answering any questions and have him here with you, if you can't pay for a lawyer one will be given to you before any questioning if you wish. If you do wish to talk with me, you can stop at any time.

(Tr. 8; G.Ex. 1). After reading the warnings, Alletto asked English whether he understood his rights and whether he wished to waive his rights and speak. English responded affirmatively to both questions, which Alletto noted on the waiver card. (Tr. 7; G.Ex. 1).

Alletto and Ferguson then questioned English for approximately one hour regarding events that had occurred earlier in the day. (Tr. 9, 16). Once they had a general understanding of English's statement, the investigators left the room and Alletto prepared a typed statement based upon the information provided by English. Alletto and Ferguson returned to the interview room approximately forty-five minutes later and presented the statement to English. (Tr. 9, 12; G.Ex. 2). Alletto asked English to read the statement aloud and to indicate whether any corrections were necessary. (Tr. 12). English read the statement, corrected his name and address and initialed his corrections. (Tr. 13; G.Ex. 2). Alletto then asked English whether he would sign the statement, which English refused to do. (Tr. 13-14).

**DISCUSSION**

English moves to suppress statements he made during the interview with Investigators Alletto and Ferguson on April 22, 2005. According to English, his statements were involuntarily made because he was not advised of his *Miranda* rights. (Docket # 12 at ¶ 5). It is, of course, well-settled that statements made during custodial interrogation are generally inadmissible unless a suspect first has been advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). In *Miranda*, the Supreme Court held that the prosecution may not use a defendant's statements that are the product of custodial interrogation unless it demonstrates the defendant was first warned of his Fifth Amendment privilege against self-incrimination and then voluntarily waived those rights. *Id.* at 444.

Here, the government does not contest that English was in custody during the interview with Alletto and Ferguson. (Tr. 26). Rather, the question is whether English validly waived his *Miranda* rights prior to providing the statements. To establish a valid waiver, the government must prove by a preponderance of the evidence "(1) that the relinquishment of the defendant's rights was voluntary, and (2) that the defendant had a full awareness of the right being waived and of the consequences of waiving that right." *United States v. Jaswal*, 47 F.3d 539, 542 (2d Cir. 1995) (citing *Moran v. Burbine*, 475 U.S. 412, 421 (1986)).

The record before this Court, including the testimony of Investigator Alletto, demonstrates that English was advised of his *Miranda* rights and voluntarily agreed to waive them. According to the credible hearing testimony, Alletto entered the interview room in which English had been placed, explained why he had been arrested and obtained biographical information. Thereafter, Alletto advised English of his *Miranda* warnings by reading them from

a *Miranda* notification card. (Tr. 4, 6-7; G. Ex. 1). After advising him of his rights, Alletto asked English whether he understood them and whether he wanted to talk. English responded affirmatively to both questions. (Tr. 7).

The ensuing interview lasted approximately one hour, after which Alletto and Ferguson left the room and Alletto prepared a typed statement. (Tr. 9; G.Ex. 2). The investigators returned to the interview room approximately forty-five minutes later and presented the statement to English, instructing him to read it and to make any necessary corrections. (Tr. 9-12). English complied with the instructions, but ultimately refused to sign statement. (Tr. 13).

According to Alletto, English did not slur his speech or otherwise appear to be under the influence of drugs or alcohol. (Tr. 5). Moreover, English appeared to understand and was responsive to Alletto's questions and directions. (Tr. 5). Finally, at no time during the interview did English request the assistance of an attorney. (Tr. 14). On this record, I find that English was advised of his *Miranda* rights and knowingly and voluntarily waived his rights prior to making any statements to the investigators. Therefore, it is the recommendation of this Court that English's motion to suppress statements be denied.

## **CONCLUSION**

For the foregoing reasons, it is my report and recommendation that English's motion to suppress statements **(Docket # 12)** be **DENIED**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       March   27  , 2006.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[4]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                          *s/Marian W. Payson*
                                            MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
       March   27  , 2006.

---

[4] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(F) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the ten days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).