UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                05-CR-6142T

                    v.                          **DECISION**
                                                **and ORDER**
SHELDON J. ENGLISH,


                         Defendant.
_____

<u>INTRODUCTION</u>

Defendant Sheldon English ("English") is charged in a single-count Indictment with possession of a firearm and ammunition by a person having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On November 30, 2005, the defendant filed an omnibus motion seeking, <u>inter</u> <u>alia</u>, suppression of statements made while in police custody.  English contends that he was not properly advised of his <u>Miranda</u> rights, and therefore did not make a knowing and/or voluntary waiver of his rights.

By Order dated October 20, 2005, this case was referred to Magistrate Judge Marian W. Payson for pretrial proceedings. Pursuant to that Order, on March 1 and March 10, 2006, Judge Payson held a hearing to determine whether or not the defendant's statements should be suppressed.  On March 27, 2006, Judge Payson issued a Report and Recommendation recommending that defendant's

motion to suppress be denied.  Specifically, Judge Payson determined that English had been properly advised of his rights, and therefore, the statements made while in custody should not be suppressed.  English objects to Judge Payson's Report and Recommendation on grounds that Judge Payson did not apply the proper legal standard, and did not consider all of the relevant facts in determining whether or not his statements were made voluntarily.

For the reasons set forth below, I affirm and adopt Judge Payson's Report and Recommendation in its entirety, and deny defendant's motions to suppress.

STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations.  After such filing,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b)(1).  A district court, however, may not reject the credibility findings of a Magistrate Judge without conducting an evidentiary hearing in which the district court has the opportunity to observe and evaluate witness credibility in the

2

first instance.  <u>Cullen v. United States</u>, 194 F.3d 401 (2nd Cir. 1999).  I apply these standards to the following analysis.

<u>BACKGROUND</u>

The relevant facts of this case were set forth in Judge Payson's Report and Recommendation, and familiarity with those facts is presumed. In summary, on April 22, 2005, English was arrested following an alleged shooting.  He was taken to the Public Safety Building in Rochester, New York, where he was interviewed by City of Rochester, New York, Police Department Investigator Louis Alletto, and an Investigator Ferguson.  According to Investigator Alletto's testimony at the suppression hearing, Alletto initiated the interview with English by obtaining biographical information from him.  Alletto observed English during this time and believed that English was mentally competent, not under the influence of any drug or alcohol, and was fluent in the English language.  Alletto testified that after obtaining defendant's biographical information, Alletto informed English of his <u>Miranda</u> rights by reading those rights as they are printed on a reference card utilized by the City of Rochester Police Department.  He testified that English acknowledged that he understood his rights, and that English agreed to waive his rights.  Thereafter, English made several statements to the investigators, but refused to sign a written statement.

DISCUSSION

Relying on precedent set forth in United States v. Jaswal, 47 F.3d 539 (2nd Cir. 1995), Judge Payson determined that English had been properly advised of his Miranda rights, and that he had knowingly and voluntarily waived those rights.  In Jaswal, the Second Circuit held that:

> To establish a valid waiver [of a defendant's Miranda rights], the government must prove by a preponderance of the evidence "(1) that the relinquishment of the defendant's rights was voluntary, and (2) that the defendant had a full awareness of the right being waived and of the consequences of waiving that right."

Jaswal, 47 F.3d at 542 (citing Moran v. Burbine, 475 U.S. 412, 421 (1986).  Judge Payson found Investigator Alletto's testimony on the issue of whether the defendant had been made aware of his rights, and whether or not defendant agreed to waive his rights to be credible, and I find no basis for finding otherwise.  Based on that testimony, it is evident that English was apprised of his Miranda rights, and that he voluntarily waived those rights prior to making the statements at issue in this motion.

The defendant objects to Judge Payson's findings on grounds that Judge Payson did not consider all of the factors when determining whether or not his statements were voluntary.  In support of this position, English contends that Jaswal does not set forth the complete test for determining whether or not statements made were voluntary, and that the court instead should have relied

4

on <u>Moran</u>.   In <u>Moran</u>, the Supreme Court held that in determining whether or not statements were made voluntarily, the court must consider whether or not the statements were "the product of a free and deliberate choice rather than intimidation, coercion, or deception."   <u>Moran</u> 475 U.S. at 421.   English argues that Judge Payson failed to consider whether or not his statements were the product of coercion, intimidation, or deception, and therefore, the case should be remanded to her for such a determination.   Defendant contends that on remand, Judge Payson should examine the totality of the circumstances in considering whether or not his statements were the product of deception, and specifically, that she should consider whether or not the investigators engaged in deception by failing to inform him that the complaining witness did not want to press criminal charges against him.

I find that Judge Payson properly relied on the precedent set forth in <u>Jaswal</u> in determining that the defendant's statements were voluntary.   <u>Jaswal</u> is an oft-cited case that remains good law in this Circuit; correctly sets forth the test for determining whether or not a statement is voluntary; and is binding precedent on this court.   That <u>Moran</u> contains alternative language in its discussion of the test for determining whether or not a statement is voluntary is inapposite, as the <u>Jaswal</u> case sets forth the correct statement of the law.   Moreover, it is clear from the Report and Recommendation that Judge Payson considered all relevant facts in

determining whether or not the defendant's statements were voluntary.  Because Judge Payson properly applied the facts of the case to the applicable law, I affirm her Recommendation, and deny defendant's motion to suppress.

CONCLUSION

For the reasons stated above, I hereby adopt Judge Payson's March 27, 2006 Report and Recommendation in its entirety, and deny defendant's motion to suppress, to dismiss, and for a hearing.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
    Michael A. Telesca
United States District Judge

DATED:    Rochester, New York
          April 27, 2006