UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

SHELDON ENGLISH,

                    Defendant.

REPORT & RECOMMENDATION

05-CR-6142L

## PRELIMINARY STATEMENT

By Order of Hon. Michael A. Telesca, United States District Judge, dated October

20, 2005, all pretrial matters in the above-captioned case have been referred to this Court

pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 3).[1]

The original indictment in this matter was filed on October 18, 2005, and charged

defendant Sheldon English ("English") with possessing a firearm after having been convicted of

a crime punishable by a term of imprisonment exceeding one year.  (Docket # 1).  Following the

return of the indictment, English filed various pretrial motions seeking, among other things, to

suppress statements made by him following his arrest.  (Docket # 12).  A suppression hearing

was held, following which a Report and Recommendation was issued by this Court

recommending that the motion to suppress be denied.  (Docket # 28).  Judge Telesca adopted the

Report and Recommendation over English's objection.  (Docket # 30).

---

[1] On May 24, 2006, this case was transferred to the Hon. David G. Larimer, United States District Judge.
(Docket # 33).

The government thereafter filed a Superseding Indictment on August 10, 2006 (Docket # 48), and a Second Superseding Indictment on August 24, 2006 (Docket # 51). The Second Superseding Indictment charges English in three counts. Like the original indictment, the first count of the most recent indictment charges English with possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count Two charges English with possessing cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C). The final count charges English with possessing a firearm in furtherance of the narcotics offense charged in Count Two, in violation of 18 U.S.C. § 924(c)(1). Each count alleges that the charged offense occurred on or about April 22, 2005. (Docket # 51).

Following his arraignment on the Second Superseding Indictment, English filed supplemental pretrial motions seeking, among other things, a bill of particulars. (Docket # 55).[2] In its written response, the government has provided the following factual background relating to the charges. On April 22, 2005, two New York State Division of Parole Officers, who were in the vicinity of Lorimer Street in the City of Rochester, observed a black male exit the passenger door of a sport utility vehicle ("SUV"), fire a weapon at another individual, reenter the SUV and drive away. (Docket # 60). The parole officers followed the SUV and observed it stop in the vicinity of 69 Costar Street. At that location, a black male wearing a dark-hooded sweatshirt exited the vehicle and began to run. As he was running, the male removed his sweatshirt,

---

[2] English's supplemental motions also sought, *inter alia*, *Brady* material, discovery and inspection, *Jencks* material, the preservation of rough notes, severance or bifurcation of the counts, and suppression of identification testimony and statements. (Docket # 55). Each of these requests was either resolved by the parties or decided in open court by the undersigned on October 31, 2006. (Docket ## 58, 59).

revealing a white t-shirt.  The officers continued to observe the male as he ran past a shed at 195

Saratoga Avenue and then through the backyard of that address, at which point he disappeared

from sight.  (Docket # 60).

        The parole officers called the Rochester Police Department for assistance, and

various officers responded to the scene and initiated a search for the individual who had fled.

During the search, a resident in the area informed one of the police officers that a black male had

forced open the door to her apartment at 168 Parkway Street and was hiding in her apartment.

There, the officers apprehended a black male wearing a white t-shirt, who was later identified as

the defendant, Sheldon English.  Although the parole officers were unable to identify English as

the shooter, they advised the police officers that English's race, gender and clothing matched the

description of the person they had observed firing a gun.  In addition, during the search, one of

the parole officer discovered a handgun in the shed at 195 Sarasota Avenue.  Ballistics analysis

of the cartridge cases recovered from the scene of the shooting revealed that they were fired from

the recovered handgun.  (Docket # 60).

        In his motion for a bill of particulars, English specifically requests, *inter alia*, that

the government identify the location where he is alleged to have possessed the weapon charged in

Count One.  (Docket # 55).  The government has responded that English possessed the weapon

"in the vicinities of one or more of the following addresses in the City of Rochester: 969 North

Plymouth Avenue, 69 Costar Street, and 195 Saratoga Avenue."  (Docket # 57).  In view of the

government's response, at oral argument, English clarified that he no longer seeks a bill of

particulars; rather, he now seeks dismissal of Count One of the Second Superseding Indictment

on the grounds that it is duplicitous.  The government opposes English's motion and contends

that Count One charges a single, continuous unlawful possession of the same firearm.  (Docket

# 60).  In addition, English has submitted a letter to this Court *pro se* alleging that his right to a

speedy trial has been violated.  The following constitutes the Report and Recommendation of this

Court.


## REPORT AND RECOMMENDATION

      "An indictment is invalidly duplicitous when it joins in a single count two or more

distinct and separate offenses."  *United States v. Droms,* 566 F.2d 361, 363 (2d Cir. 1977)

(citations omitted).  *Accord United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992).  To

determine whether a single count actually charges two offenses, the court should consider

"whether each provision in the count requires proof of a fact which the other does not."  *United

States v. Parker*, 165 F. Supp. 2d 431, 447 (W.D.N.Y. 2001) (quoting *Blockburger v. United

States*, 284 U.S. 299, 304 (1932)).  A count should only be found duplicitous when "the policy

goals underlying this doctrine are offended, *i.e.*, 'if a general verdict of guilty might actually

conceal findings as to different alleged crimes, or if an appropriate basis for sentencing is not

provided.'"  *Id.* (quoting *United States v. Margiotta*, 646 F.2d 729, 732-33 (2d Cir. 1981)).

Duplicity, however, is a rule of pleading, and its violation does not warrant dismissal of the

improperly charged count.  *United States v. Droms*, 566 F.2d at 363, n.1 (citing *Reno v. United

States*, 317 F.2d 499, 502 (5th Cir.), *cert. denied*, 375 U.S. 828 (1963); 1 C. Wright, *Federal

Practice and Procedure*, § 142, 311 (1969)).  Rather, the appropriate remedy is to require the

government either to elect between the duplicitous charges prior to trial or to utilize a special

verdict form.  *See United States v. Parker*, 165 F. Supp. 2d at 451.

English contends that Count One of the Second Superseding Indictment is duplicitous because it alleges that he possessed the charged firearm at three separate addresses. This argument incorrectly assumes, however, that possession of the same firearm at multiple locations on the same day constitutes separate offenses instead of one continuous offense for illegal possession.  Rather, as the Second Circuit has articulated, "[t]he continuous possession of the same gun does not amount to a series of crimes, but rather constitutes a single offense." *United States v. Towne*, 870 F.2d 880, 886 (2d Cir.), *cert denied*, 490 U.S. 1101 (1989) (citing *Ball v. United States*, 470 U.S. 856, 861, 865 (1985) (receipt and possession of a firearm is a single offense)).  *See also United States v. Jones*, 403 F.3d 604, 606 (8th Cir. 2005) (vacating as multiplicitous defendant's two felon-in-possession convictions arising from the uninterrupted possession of the same firearm during two different months; "[b]ecause we believe that Congress intended the crime of possession to refer to a course of conduct rather than individual acts of dominion, we conclude that the continuous possession of the same firearm constitutes a single offense"); *United States v. Fleischli*, 305 F.3d 643, 658 (7th Cir. 2002) ("Possession of a firearm is a continuing offense which ceases only when the possession stops"), *cert. denied*, 538 U.S. (2003); *United States v. Rivera*, 77 F.3d 1348 (11th Cir.) (indictment properly charged defendant with possession of a firearm on two separate dates; "We agree that the possession as charged was a continuous course of conduct . . . . To charge the separate dates in separate counts would result in a multiplicitous indictment, creating the risk of multiple convictions and punishments for a single offense in violation of the Double Jeopardy Clause."), *cert. denied*, 517 U.S. 1250 (1996); *United States v. Horodner*, 993 F.2d 191, 193-94 (9th Cir. 1993) (vacating one of defendant's two convictions arising from his continuous constructive possession of the same firearm on two

separate dates); *United States v. Jones*, 533 F.2d 1387, 1391 (6th Cir. 1976) ("Possession is a course of conduct, not an act; by prohibiting possession Congress intended to punish as one offense all of the acts of dominion which demonstrate a continuing possessory interest in a firearm"), *cert. denied*, 431 U.S. 964 (1977).

Applying this authority to the government's anticipated evidence, the indictment properly charges a single felon-in-possession offense. Specifically, the indictment charges English with the unlawful possession of a firearm on April 22, 2005. (Docket # 51). The government represents that it will offer evidence that during a relatively short period of time on that date, English possessed the firearm and traveled with it to various locations, including the three addresses identified in the government's responsive papers. If proven, such evidence would constitute a single, continuous unlawful possession of the firearm in question. It is therefore the recommendation of this Court that English's motion to dismiss Count One of the Second Superseding Indictment as duplicitous be denied.

The remaining question whether the jury should be provided with a special verdict form pertaining to the charge and, if so, what the verdict should specify is best determined by the trial court. *See United States v. Rivera*, 77 F.3d at 1350-52 (utilizing a special verdict form where indictment charged defendant with single count of possession on two separate dates); *United States v. Parker*, 165 F. Supp. 2d at 451. Accordingly, insofar as English moves in the alternative for an order requiring the utilization of a special verdict form, that motion is denied at this time without prejudice to renewal before the district court.

**Speedy Trial Issues**

By letter dated October 25, 2006, submitted *pro se,* English argues that his Speedy

Trial rights have been violated.  The Speedy Trial Act guarantees the right to be tried within

seventy days of the filing of an indictment.  18 U.S.C. § 3161(c)(1).  The Act also provides for

the exclusion of certain periods from the calculation of the seventy-day limit.  18 U.S.C.

§§ 3161(h)(1)-(8); *Zedner v. United States*, __ U.S. __, 126 S. Ct. 1976, 1983 (2006); *United

States v. Pena*, 793 F.2d 486, 488 (2d Cir. 1986).  One of the authorized exclusions, commonly

known as an "interests of justice" exclusion, provides for an exclusion for "[a]ny period of delay

resulting from a continuance . . . if the judge granted such continuance on the basis of his

findings that the ends of justice served by taking such action outweigh the best interests of the

public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8).  Also, Section 3161(h)(1)(F)

excludes periods of "delay resulting from any pretrial motion, from the filing of the motion

through the conclusion of the hearing on, or other prompt disposition of, such motion."  18

U.S.C. § 3161(h)(1)(F).  Once a motion is under advisement by the Court, the Act affords an

excludable period of up to thirty days for the court to decide the motion.  18 U.S.C.

§ 3161(h)(1)(J).

The Court has carefully reviewed the record in this matter and finds that English's

rights have not been infringed.  Although there have been various periods of delay since the filing

of the original indictment, the majority has been attributable to the various pretrial motions filed

by English.  I further find that any remaining periods excluded under the Speedy Trial Act have

been properly excluded.  Thus, neither English's statutory nor constitutional Speedy Trial rights

have been violated.

## <u>CONCLUSION</u>

For the foregoing reasons, it is my recommendation that English's motion to dismiss Count One of the Second Superseding Indictment **(Docket # 55)** be **DENIED**.  It is my further recommendation that English's motion to dismiss the Second Superseding Indictment on Speedy Trial grounds be **DENIED**.


_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
        December   4  , 2006

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[3]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **<u>Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.</u>**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

<u>    s/Marian W. Payson    </u>
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       December   4   , 2006

---

[3]  Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(F) commences with the filing of this Report and Recommendation.  Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the ten days allowed for filing objections has elapsed.  *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).