UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                                                                       DECISION AND ORDER

                                                                       05-CR-6142L

                                v.

SHELDON ENGLISH,

                                        Defendant.
_____

      Defendant, Sheldon English ("English"), was originally charged in a single count indictment charging possession of a firearm after having been convicted of a felony. The Court referred all pretrial matters in that case to United States Magistrate Judge Marian W. Payson. Motions were filed and Magistrate Judge Payson issued a Report and Recommendation which was accepted and affirmed by United States District Judge Michael A. Telesca, who was the then-assigned district court judge.

      Thereafter, the Government filed a second superseding indictment which added two additional counts against English. English filed additional pretrial motions requesting a bill of particulars and dismissal of Count 1 of the Second Superseding Indictment. English also moved, *pro se,* alleging that his speedy trial rights had been violated.

On December 4, 2006, Magistrate Judge Payson issued a second Report and Recommendation (Dkt. #63), recommending that English's motion to dismiss Count 1 of the Second Superseding Indictment be denied and that the motion to dismiss on speedy trial grounds also be denied.[1]

Counsel for English filed no objections to the Report and Recommendation but English submitted a *pro se* letter, which was undated, but has now been filed as Dkt. #65.  In that letter, English complains that his speedy trial rights have been violated and seeks dismissal of the indictment.

I have reviewed Magistrate Judge Payson's thorough Report and Recommendation and I find no basis to reverse or modify that report.  I agree with her finding that Count 1 of the Second Superseding Indictment is not duplicitous but rather charges a continuous offense of illegal possession of a firearm.  The indictment properly charges a single felon-in-possession offense and will be presented to the jury as such.

I also agree with Magistrate Judge Payson that there is no violation of either the statutory speedy trial provisions.  Nor is there any constitutional violation.  The Speedy Trial Act provides for exclusions to accommodate the filing and resolution of defense motions, and for other legitimate reasons.  All exclusions are justifiable and withing the statutory parameters.

---

[1] Apparently, after the Government responded to the motion for a bill of particulars, English appeared satisfied and made no further request for such relief.

CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson (Dkt. #63).

Defendant's motion to dismiss the indictment on the ground that the indictment is defective and contains a duplicitous count and on the grounds that the Speedy Trial Act has been violated, is in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 4, 2007.