UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                     DECISION AND ORDER

                                                                     05-CR-6142L
                                                                     08-CV-6517L

              v.

SHELDON ENGLISH,

                              Defendant.
_____

       Sheldon English ("English") was convicted after a jury trial of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At that trial, he was acquitted of two narcotics related offenses. English was sentenced by this Court principally to a term of 120 months imprisonment. He appealed the conviction and the United States Court of Appeals for the Second Circuit affirmed the judgment and the Circuit's Mandate was filed October 24, 2008 (Dkt. #119). Thereafter, English filed this *pro se* petition pursuant to 28 U.S.C. § 2255 seeking to vacate the Judgment and Conviction on the grounds that he received ineffective assistance of trial counsel.

       The Government filed a Response to the petition (Dkt. #126) and English replied to that Response (Dkt. #128). I believe that English has failed to establish that his constitutional rights were

violated due to ineffective assistance of trial counsel and, therefore, the petition should be, and hereby is, dismissed.

The Government's Response sets forth in some detail a summary of the trial evidence. It will not be repeated here. As the Government notes, there was eyewitness testimony concerning English's possession and discharge of a firearm, and defendant's statement admitting both the possession and discharge of the weapon.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the court established a two-part test for establishing ineffective assistance of counsel. English must demonstrate that his counsel's performance was deficient and that such deficiency prejudiced his case. In my view, English can establish neither prong of that test.

English's principal claim of ineffective assistance of counsel relates to the alleged failure of counsel to produce alleged exculpatory evidence relating to a possible witness, Ulises Vargas. But, as the Government notes and as the trial record corroborates, Vargas was not available as a witness since, after counsel was appointed for him, he indicated his intent to invoke his Fifth Amendment privilege against self-incrimination.

English also criticizes counsel's inability to introduce some prior statements allegedly made by the witness but the trial transcript demonstrates that counsel attempted to do just that, but the Court ruled such statements inadmissible. The Government in its Response sets forth in detail the circumstances surrounding Vargas and the very questionable nature of his statements. Whether these statements were properly rejected as admissible hearsay, is not germane relative the instant petition. The instant petition challenges the conduct of counsel, and it appears that English's counsel

vigorously attempted to put the evidence at issue before the jury. After reviewing all of the actions of counsel, I believe English has failed completely to establish that counsel's performance was defective in any way.

Trial counsel effectively represented English and, in fact, was able to obtain a not-guilty verdict on two of the three counts. The evidence on Count 1 relating to possession of a firearm was exceptionally strong based on the testimony and English's own statement. English has, therefore, failed to establish either prong of the *Strickland* test and has failed to demonstrate ineffective assistance of counsel.

CONCLUSION

The petition for relief under 28 U.S.C. § 2255 filed November 18, 2008 (Dkt. 122) is in all respects denied and is dismissed.

Because I believe that petitioner has failed to make a substantial showing of a constitutional violation, I decline to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 16, 2010.